# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN THOMPSON, <br> ASTER KIFLE-THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 10-1657 (ABJ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

In this civil action transferred from the Northern District of California, plaintiffs Steven and Aster Thompson, proceeding *pro se*, seek monetary damages from the Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver for Washington Mutual Bank. The complaint arises from the Bank's foreclosure on plaintiffs' property in Castroville, California in 2007. FDIC moves to dismiss plaintiffs' first amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It argues that this action is barred by *res judicata* since plaintiffs have already unsuccessfully challenged the same foreclosure in state court in California. Upon consideration of the parties' submissions, the court agrees that the complaint is procedurally barred and, thus, it will grant defendant's motion to dismiss under Rule 12(b)(6).[1]

---

[1] *See Smalls v. U.S.*, 471 F.3d 186, 189 (D.C. Cir. 2006) ("[T]he defense of *res judicata*, or claim preclusion, while having a 'somewhat jurisdictional character' . . . does not affect the subject matter jurisdiction of the district court.") (quoting *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005)) (citing cases).

1

# I. BACKGROUND

Plaintiffs allege that they purchased property in Castroville, California, in 1994 for $345,000. According to the amended complaint, "for several years," plaintiffs paid their monthly mortgage on time. Am. Compl. [Dkt. # 15] at 2. The initial monthly mortgage was $1,500, but "the mortgage payments started to climb up to . . . $4,500 per month." *Id*. In 2007, plaintiffs could no longer meet their monthly mortgage obligation, and they filed for bankruptcy. Plaintiffs allege: "[i]t was determined by the Court that [plaintiffs'] Homestead was a protected interest and Washington Mutual was barred (via stay) from foreclosing on several occasions." *Id*. "After much wrangling and motions to sell without excessive liens and encumbrances . . . the liens were removed and the property was to be sold for $770,000.00…." *Id*. Plaintiffs state that they found a willing buyer for that amount and an escrow account was opened. Meanwhile, they claim, the stay issued by the bankruptcy court "lapsed and Washington Mutual foreclosed on the property without notice and in violation of California law." *Id*. "[I]n the ensuing weeks, Washington Mutual did not respond to several calls[,] [which] caused the buyers to back out of the deal." *Id*. "The Bankruptcy Court then decided that this was a State Court issue and dismissed the claimant's case without prejudice so the Claimants could seek relief in the Monterey County Superior Court." *Id*. at 3.

Plaintiffs allege that they filed a complaint in the Superior Court against Washington Mutual, "but the FDIC stepped in and halted the proceedings since Washington Mutual was in receivership." *Id*. They state that the "FDIC disallowed the claim and sent the plaintiffs a letter stating . . . that [p]ursuant to 12 U.S.C. [§] 1821, [the] U.S. District Court was the proper Court to file any lawsuit." *Id*. Plaintiffs seek $770,000 in monetary damages "to compensate them for their loss which the Defendants directly caused." Am. Compl. ¶ 5.

The court records supplied by FDIC in support of its motion to dismiss add more detail to this account. As they allege, plaintiffs filed for bankruptcy under Chapter 7 on February 5, 2007, in the United States Bankruptcy Court for the Northern District of California. *See* Req. for Judicial Notice in Supp. of Mot. for J. on the Pleadings, or in the Alternative, Mot. to Dismiss First Am. Compl. [Dkt. # 32], Def's Ex. 1.[2] But on July 18, 2007, Washington Mutual was granted relief from the automatic stay entered by the bankruptcy court pursuant to 11 U.S.C. § 362, and it was expressly permitted to enforce its rights in the real property under the note and deed of trust. *See* Def.'s Ex. 5 (Reply Brief Re: Compl. to Determine Validity of Foreclosure, Mot. to Void Foreclosure, and Mot. for TRO ¶¶ 4-5). Indeed, on June 26, 2007, plaintiffs filed a "Conditional Non-Opposition" to the bank's request for relief "[a]s long as [they] receive[d] $75,000 from the proceeds of the sale to satisfy their Homestead Exemption . . . ." Def.'s Ex. 2. Pursuant to the bankruptcy court's order, the automatic stay as to Washington Mutual terminated on September 27, 2007, and Washington Mutual was then authorized to foreclose on the property, which it did on October 22, 2007. Def.'s Ex. 5 (Reply Brief ¶¶ 5-6).

After the foreclosure, plaintiffs filed an adversary proceeding in the bankruptcy court, seeking to void the foreclosure for lack of notice. Def.'s Ex. 4 (Compl. to Determine Validity of Foreclosure, Mot. to Void Foreclosure and Mot. for TRO). During those proceedings, the parties engaged in settlement discussions, and Washington Mutual gave plaintiffs additional time to sell their home, all to no avail. *See* Def.'s Ex. 5 (Reply Brief ¶¶ 9-11). On July 10, 2008, the bankruptcy court issued plaintiffs a full discharge and closed their case. Def's Ex. 7. On

---

[2]In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice[,] [e.g.,] matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp.2d 13, 15 (D.D.C. 2001) (citations omitted).

3

December 9, 2008, the bankruptcy court dismissed the adversary proceeding without prejudice based on plaintiffs' failure to comply with an order to show cause why the case should not be dismissed. Def.'s Ex. 8.

Meanwhile, in May 2008, plaintiffs filed an action in Monterey County Superior Court, seeking to set aside the foreclosure based on Washington Mutual's alleged "malicious" and "prejudicial" actions and its failure to comply with state law by providing notice prior to the foreclosure sale. Def.'s Ex. 6 (Pet. to Set Aside Foreclosure at 2-3). On September 25, 2008, the Office of Thrift Supervision declared Washington Mutual insolvent and appointed FDIC as its Receiver. Def.'s Ex. 10 (Ex. 10.A Letter). FDIC accepted the appointment and, on January 22, 2009, was substituted as the real party in interest in the Superior Court case.

By Order of March 6, 2009, Superior Court Judge Susan M. Dauphine granted FDIC's motion for judgment on the pleadings after "having reviewed the materials submitted and considered the oral arguments," Def.'s Ex. 11, at which plaintiffs did not appear. *See* Def.'s Ex. 13 (Final Judgment). In its motion, FDIC had argued that: (1) the complaint failed to state a claim against it, (2) the foreclosure was not reversible, it was authorized by the bankruptcy court, and it complied with state law, and (3) plaintiffs had failed to name the then mortgage holder, JP Morgan Chase, as an indispensable party. *See generally* Def.'s Ex. 9 (Mem. of P. & A. in Supp. of Mot. for J. on the Pleadings, or in the Alternative, Mot. to Dismiss Compl.).

Plaintiffs moved to vacate the order granting FDIC's motion for judgment, and this time, they participated in a hearing by telephone on April 17, 2009. But Judge Dauphine entered final judgment for FDIC on April 23, 2009. *See* Def.'s Ex. 13.

On November 23, 2009, plaintiffs filed the instant action in the Northern District of California, again challenging the foreclosure on notice grounds. The court determined that it

4

lacked jurisdiction under the Financial Institutions Reform and Recovery Enforcement Act of 1989, and it transferred the case to this judicial district. *See* Order Transferring Case to the District of Columbia [Dkt. # 35].

## II. DISCUSSION

Under the doctrine of *res judicata*, a claim previously adjudicated on the merits by a court of competent jurisdiction is foreclosed from being relitigated in a new action. Specifically, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. U.S.*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

Because *res judicata* "bars any further claim based on the same 'nucleus of facts' . . . .," *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984), it applies not only to claims that were raised but also to claims that "*could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Therefore, a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to him in the prior action. *See Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (observing that "simply raising a new legal theory . . . is precisely what is barred by *res judicata*.") (citations omitted); *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (adopting "the Restatement (Second) of Judgments' pragmatic, transactional approach," which "reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he

may have arising out of the same transaction or occurrence.'" (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.410[1], at 359 (1983)) (other citation omitted).

The instant action arises from the same foreclosure sale that prompted plaintiffs' suit in Superior Court in which FDIC was substituted as the defendant. Therefore, the elements of same claim and same parties are present for *res judicata* purposes.[3]

In their opposition to the pending motion, plaintiffs assert that *res judicata* does not apply "because the Monterey Superior Court case was dismissed for lack of jurisdiction and the underlying issue as to the legality of the foreclosure sale was never adjudicated." Opp'n to Mot. to Dismiss First Am. Compl. Against FDIC as Receiver for Wash. Mutual Bank at 2. The record of the court proceedings belies that contention.

In the Superior Court of Monterey County, Judge Dauphine granted FDIC's motion for judgment on the pleadings after "having reviewed the materials submitted and considered the oral arguments." Def.'s Ex. 11. FDIC had argued that the complaint failed to allege sufficient facts to constitute a cause of action against it because it had "no ability to set aside, rescind, or otherwise 'reverse' the foreclosure and Plaintiffs' claims [were] moot." Def.'s Ex. 9 (Mem. of P. & A. at 1). In addition, FDIC directly refuted plaintiffs' claims that the foreclosure sale was malicious and prejudicial and took place without proper notice, and contended that the foreclosure sale was "non-voidable" because the proceedings were in compliance with California

---

[3] It is true that in this case, plaintiffs have added JP Morgan Chase, N.A. and US Bank, N.A. as defendants in the amended complaint. With respect to those defendants, the amended complaint states the following: "Subsequently the property was turned over to JP Morgan Chase Bank and/or US Bank based on paperwork we received during the past several months so they've been named a party to this action as well." This is not enough to state a claim against the two banks. Unlike the suit filed in state court, which sought a reversal of the foreclosure, this action seeks damages only, and there is no allegation of wrongful conduct by any bank other than Washington Mutual in the complaint that could rise to a plausible claim for relief. Thus, the Court will dismiss the claims against JP Morgan Chase and US Bank under Fed. R. 12(b)(6).

law. *Id*. at 4-6. Finally, Judge Dauphine denied plaintiffs' motion to vacate judgment after conducting a hearing at which plaintiffs had participated by telephone. *See* Def.'s Ex. 13. The Final Judgment states: "After hearing the evidence and the argument of counsel for the FDIC, and plaintiff's argument, the Court denied plaintiffs' Motion to Vacate the Order Granting Judgment on the Pleadings…. It is therefore ORDERED, ADJUDGED, AND DECREED, that each and every of plaintiffs' claims against the FDIC, as receiver for Washington Mutual Bank, be and hereby are dismissed." *Id.* Thus, Judge Dauphine's final judgment for FDIC constituted an adjudication on the merits. Plaintiffs were given a "full and fair opportunity" to litigate – and indeed, re-litigate -- their claims in Superior Court. *See Apotex*, Inc., 393 F.3d at 217, quoting *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979). Therefore, they cannot litigate the same claims anew in this court.

## III. CONCLUSION

For the foregoing reasons, the court concludes that this action is barred by res judicata. It therefore grants defendant's motion to dismiss under Rule 12(b)(6). A separate Order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATE: August 30, 2011